# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| **SHAWNI S. MOSHIRI**, | ) Case No. 14-27900 |
| | ) |
| Debtor. | ) Honorable Jack B. Schmetterer |
| | ) |
| | ) |
| **RONALD R. PETERSON**, not individually but as the Chapter 7 Trustee of the Estate of Shawni S. Moshiri, | ) ) ) |
| | ) Adversary No. 15 A |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **SHAWNI S. MOSHIRI**, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Ronald R. Peterson, not individually but solely as the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Shawni S. Moshiri, complains against Shawni S. Moshiri (the "Debtor"), and states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334(b) because this adversary proceeding arises under the Bankruptcy Code and arises in and relates to the Debtor's pending chapter 7 case, Case No. 14-27900, pending in this Court.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J).

3. This Court has the constitutional authority to enter a final order in this adversary proceeding.

4. The Trustee consents to this Court entering a final order in this adversary proceeding.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

## PARTIES

6. Shawni S. Moshiri is the debtor in the above-captioned chapter 7 bankruptcy case pending before the United States Bankruptcy Court for the Northern District of Illinois.

7. Ronald R. Peterson was appointed as the chapter 7 trustee of the Debtor and thereafter became the permanent trustee.

## FACTUAL ALLEGATIONS

8. On July 30, 2014 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, thereby commencing Case No. 14-27900.

9. On the Petition Date, the Debtor filed his bankruptcy schedules and statement of financial affairs.

10. The Debtor's bankruptcy Schedule A lists a parcel of real property in which the Debtor holds an interest: a property located at 800 N. Michigan, Unit 2203, Chicago, Illinois (the "Chicago Property"). The Debtor listed the Chicago Property to be worth $1.3 million.

11. The Debtor's bankruptcy Schedule D states that US Bank is the secured creditor of the Chicago Property and is owed $1,325,000.

12. The Debtor's bankruptcy Schedule B lists the value of the Debtor's personal property at $4,800.

13. The Debtor's bankruptcy Schedule I lists the Debtor's monthly income at $1,668.34, which comes to an annual income of $20,020.08.

14. After reviewing the Schedules, the Trustee sough information from the Debtor regarding how the Debtor could afford to obtain a mortgage on a home valued at $1.3 million with an annual income of only $20,000.

15. On September 17, 2014, the Trustee convened a section 341 meeting and examined the Debtor under oath.

16. The Debtor did not have sufficient information regarding the Debtor's finances and adjourned the section 341 meeting until October 7, 2014.

17. The Debtor did not provide the Trustee with the requested documentation and the Trustee adjourned the section 341 meeting under November 12, 2014.

18. On November 4, 2014, the Trustee sent Debtor's bankruptcy counsel a letter requesting certain pieces of information, including: (i) copies of the Debtor's bank statement for 2014; (ii) copies of the Debtor's credit card statement for 2014; (iii) copies of the Debtor's cancelled checks and the Debtor's checkbook ledger; (iv) a copy of the Debtor's 2013 Form 1040; (v) a copy of the Debtor's 2013 second real estate tax bill for the Chicago Property; and (vi) a copy of the note and mortgage on the Chicago Property. A copy of the November 4, 2014 letter is attached hereto as Exhibit A.

19. The Debtor has not responded to the Trustee's November 4, 2014 letter.

20. Despite repeated acknowledgements of the Trustee's November 4, 2014, letter and information requests, and despite repeated assurances by counsel that compliance is forthcoming, the Debtor has not produced the documents requested by the Trustee.

21. The Trustee has had to continue to adjourn the Debtor's section 341 meeting numerous additional times and has yet been able to complete the section 341 meeting.

22.     On November 11, 2013, the Court entered an order extending the time for the Trustee to file a complaint objection to the Debtor's discharge under §727(a) of the Bankruptcy Code until February 18, 2015. (Bankr. Dkt. 20.)

## COUNT I

### Denial of Discharge of Debt - 11 U.S.C. §727(a)(3)

23.     The Trustee realleges and restates Paragraphs 1 through 22 as though fully set forth herein.

24.     Pursuant to 11 U.S.C. §727(a)(3), the court shall deny a debtor a discharge if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transaction may be ascertained…."

25.     Despite the Trustee's repeated requests, the Debtor has failed to produce any of the financial information regarding the Debtor's financial condition and business transactions requested by the Trustee.

26.     The Debtor's discharge should be denied pursuant to 11 U.S.C. §727(a)(3).

## COUNT II

### Denial of Discharge of Debt - 11 U.S.C. § 727(a)(4)

27.     The Trustee realleges and restates Paragraphs 1 through 22 as though fully set forth herein.

28.     Pursuant to 11 U.S.C. §727(a)(4), the court shall deny a debtor a discharge if "the debtor knowingly or fraudulently, in or in connection with the case—(D) witheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."

29. Despite the Trustee's repeated requests, the Debtor has knowingly and intentionally failed to produce any of the financial information regarding the Debtor's financial condition and business transactions requested by the Trustee.

30. The Debtor's discharge should be denied pursuant to 11 U.S.C. §727(a)(4)(D).

**WHEREFORE** the Trustee prays that this Court enter a judgment order denying the Debtor's discharge of debt and granting such other relief as this Court deems just.

Dated: February 17, 2015

Respectfully submitted,

RONALD R. PETERSON, not individually but as the Chapter 7 Trustee of the Estate of Shawni S. Moshiri,

By: */s/ Ronald R. Peterson*
One of her attorneys

Ronald R. Peterson (2188473)
Landon S. Raiford (6297473)
JENNER & BLOCK, LLP
353 North Clark St.
Chicago, Illinois 60654
PH: 312/222-9350
FAX: 312/527-0484

5